```
 1  Alan S. Wolf, Bar No. 94665
    Daniel K. Fujimoto, Bar No. 158575
 2  THE WOLF FIRM, A Law Corporation
    2955 Main Street, Second Floor
 3  Irvine, CA  92614
    Tel (949) 720-9200
 4  Fax (949) 608-0128

 5  Attorneys for Movant
    U.S. Bank National Association, as trustee, on behalf of the
 6  holders of the Home Equity Asset Trust 2005-7 Home Equity
    Pass-Through Certificates, Series 2005-7
 7
```

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

| 11 | In Re: | ) | CASE: 10-54390RLE-7 |
|----|--------|---|---------------------|
| 12 | CARMEN ORDUNO aka CARMEN TAMAYO ORDUNO aka CARMEN T ORDUNO | ) ) ) | CHAPTER 7 |
| 13 | Debtor. | ) ) | REF.: ASW-712 |
| 14 |  | ) ) ) | MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF |
| 15 |  | ) ) ) | JO-ANN GOLDMAN IN SUPPORT THEREON |
| 16 |  | ) ) | DATE: 06/09/10 |
| 17 |  | ) ) ) | TIME: 10:30 am CTRM: 3099 |
| 18 |  | ) ) ) | U.S. Bankruptcy Court 280 S. First Street |
| 19 | _____ | ) | San Jose, California |

20

21      The Motion of U.S. Bank National Association, as

22 trustee, on behalf of the holders of the Home Equity Asset

23 Trust 2005-7 Home Equity Pass-Through Certificates, Series

24 2005-7 respectfully shows as follows:

25      1.  This Court has jurisdiction over this proceeding

26 pursuant to 28 U.S.C. Sections 157 and 1334.

27

Matter I.D. 6401-5961

2. On April 28, 2010, a petition under Chapter 7 of the Bankruptcy Code was filed by the Debtor.

3. AUDREY BARRIS is the Chapter 7 Trustee for this case.

4. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

5. Movant is the beneficiary under a Deed of Trust which secures a Promissory Note ("Note") in the principal sum of $468,000.00, with the Note all due and payable on June 1, 2035. The Note and Deed encumber real property commonly known as:

   49 South Filice Street, Salinas, CA 93905 ("Property")

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

6. The beneficial interest under the Deed of Trust is currently held by Movant. <u>See</u> Declaration of JO-ANN GOLDMAN.

7. There was a default under the terms of the Note and Deed of Trust and on January 6, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

8. On April 7, 2010, Movant caused to be recorded a Notice of Sale.

9. The Property is Debtor's principal residence.

10. As of May 4, 2010, the Debtor has failed to tender 14 of the contractual payments which have fallen due under the Note and Deed of Trust.

11. The total amount due under Movant's Note and Deed of Trust as of May 4, 2010, exclusive of attorneys fees and costs, was approximately $534,491.44. See Statement of Indebtedness attached hereto as Exhibit "1".

12. The Property is also encumbered by additional liens and arrearages which, when added to Movant's lien and arrearages, total approximately $548,491.44.

13. Movant requests the Court take Judicial Notice that the Debtor's Schedule "A" provides the fair market value of the Property is approximately $133,000.00. A true and correct copy of Schedule "A" is attached hereto as Exhibit "2" and incorporated by reference.

14. Movant requests the Court take Judicial Notice that the Debtor's Schedule "D" reflects the Property is encumbered by one additional liens. A true and correct copy of the Debtor's Schedule "D" is attached hereto as Exhibit "3" and incorporated by reference.

15. Movant requests the Court take Judicial Notice that the Debtor's Statement of Intentions provides the Property is to be surrendered. A true and correct copy of the Statement of Intentions is attached hereto as Exhibit "4" and incorporated by reference.

16. Due to the liens, encumbrances and arrearages existing against the Property, and due to current market

trends and costs of sale, the Debtor does not have any equity in the Property.

17.  The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

18.  Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

19.  For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1)  That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2)  For reasonable attorneys' fees as a secured claim under 11 U.S.C. Section 506(b);

(3)  For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3).

Matter I.D. 6401-5961

1        (4)   For reasonable attorneys' fees and costs;
2        (5)   For costs incurred or expended in suit herein; and
3        (6)   For such other and further relief as the Court
4   deems just and proper.
5
6    Dated:   5/25/10            /s/Alan Steven Wolf
                                 ALAN STEVEN WOLF
7                                Attorneys for Movant
                                 U.S. Bank National Association, as
8                                trustee, on behalf of the holders of
                                 the Home Equity Asset Trust 2005-7
9                                Home Equity Pass-Through
                                 Certificates, Series 2005-7
10

# EXHIBIT 1

MOVANT'S STATEMENT OF INDEBTEDNESS

Debtor:                 ORDUNO
CASE NO.:               10-54390RLE-7
PROPERTY ADDRESS:       49 South Filice Street
                        Salinas, CA  93905

A.   APPROX. PRINCIPAL DUE AS OF May 4, 2010:
1st trust deed Select Portfolio        =    $        482,748.37
2nd trust deed Greg Scattini           =    $         14,000.00
                                  TOTAL =    $        496,748.37

B.   APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 05/04/10:
Movant's first trust deed payments and late charges:

14    payment(s) at   $     3,582.60   =    $         50,156.40

                         Escrow Advance $          2,889.02
                       Funds in Suspense $          1,391.35
                     Recoverable Balance $             89.00
                                   TOTAL $         51,743.07

C.   VALUE OF PROPERTY:                         $        133,000.00
D.   LESS TOTAL OF PRINCIPAL AND DELINQUENCY:   $        548,491.44

E.   GROSS EQUITY (D-C)*:                       $       -415,491.44

* Note:  The gross equity, if any, will be further diminished
  by current market conditions and costs of sale.

# EXHIBIT 2

Case: 10-54390    Doc# 8    Filed: 05/25/10    Entered: 05/25/10 15:40:30    Page 8 of 14

B6A (Official Form 6A) (12/07)

In re **Carmen Orduno**, Case No. _____
_____
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **49 South Filice Street**<br>**Salinas, CA 93905**<br>**(TO BE SURREDERED)** | **Fee simple** | - | 133,000.00 | 496,748.00 |

|  | Sub-Total > | 133,000.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 133,000.00 | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

# EXHIBIT 3

B6D (Official Form 6D) (12/07)

In re **Carmen Orduno**, Case No. _____
                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>GregScattini<br>PO BOX 941<br>San Juan Bautista, CA 95045 | | - | Personal Loan<br><br>49 South Filice Street<br>Salinas, CA 93905<br>(TO BE SURREDERED)<br><br>Value $ 133,000.00 | | | | 14,000.00 | 14,000.00 |
| Account No. 2770008084675<br><br>Select Portfolio Svcin<br>Po Box 65250<br>Salt Lake City, UT 84165 | | - | Opened 5/25/05 Last Active 10/15/09<br><br>49 South Filice Street<br>Salinas, CA 93905<br>(TO BE SURREDERED)<br><br>Value $ 133,000.00 | | | | 482,748.00 | 349,748.00 |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 496,748.00 | 363,748.00 |
| | | | Total<br>(Report on Summary of Schedules) | | | | 496,748.00 | 363,748.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                                                                                                          Best Case Bankruptcy

# EXHIBIT 4

Case: 10-54390    Doc# 8    Filed: 05/25/10    Entered: 05/25/10 15:40:30    Page 12 of 14

**United States Bankruptcy Court**
**Northern District of California**

In re **Carmen Orduno**       Case No.
Debtor(s)      Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>GregScattini | **Describe Property Securing Debt:**<br>49 South Filice Street<br>Salinas, CA 93905<br>**(TO BE SURREDERED)** |

Property will be (check one):
☒ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt      ☒ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Select Portfolio Svcin** | **Describe Property Securing Debt:**<br>**49 South Filice Street**<br>**Salinas, CA 93905**<br>**(TO BE SURREDERED)** |

Property will be (check one):
   ■ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt        ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES     ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **April 28, 2010**       Signature  **/s/ Carmen Orduno**
                                                        **Carmen Orduno**
                                                        Debtor